**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SHIRLENE DAVIS,** § | |
| Plaintiff, § | |
| § | No. 3:12-CV-01036-M (BF) |
| v. § | |
| § | |
| **BANK OF AMERICA, NA, et al.,** § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for Pretrial Management. On April 3, 2012, Plaintiff filed the complaint in this case and paid the filing fee. (Doc. 1. ) On May 14, 2012, this Court notified Plaintiff that due to the payment of the required filing fee and pursuant to FED. R. CIV. P. 4(c), Plaintiff is responsible for serving a summons and complaint on each defendant in accordance with the rules for service in FED. R. CIV. P. 4(c). The Court further notified Plaintiff that unless proper service was effectuated within 120 days of the April 3, 2012 filing date, the case would be subject to dismissal without prejudice. *See* FED. R. CIV. P. 4(m).

Upon the Court's direction, the Clerk sent to Plaintiff a copy of FED. R. CIV. P. 4 and a copy of the Local Rules.

**Dismissal for Lack of Legal Service**

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that the defendants are properly served with summons and copy of the complaint. FED. R. CIV. P. 4(c)(1). Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal without prejudice. FED. R. CIV. P. 4(m). Proof of service must be filed with the Court unless service is waived. FED. R. CIV. P. 4(l). This proof consists of a "server's affidavit" except when service was made by a United States marshal or deputy marshal." *Id.* Additionally,

Local Rule 4.1 provides that "[p]roof of service . . . must be made by filing with the clerk the summons and any supporting documentation required or allowed by FED. R. CIV. P. 4. . . ."

Subsection (c)(2) of Rule 4 provides that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2). Plaintiff did not effectuate service on any of the defendants within 120 days, as provided by Rule 4(m).

A court should extend the time to serve the defendants if the plaintiff shows good cause for the failure to properly effect service. FED. R. CIV. P. 4(l). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the parties to be served personally received actual notice of the lawsuit, that the defendants would not suffer any prejudice by the court's extending the 120-day deadline, and that the plaintiff would be severely prejudiced if her complaint were dismissed. *Hickman v. U.G. Lively,* 897 F. Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). A litigant's *pro se* status alone does not excuse failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). The plaintiff bears the burden of showing good cause. *Id*.

Plaintiff has not requested an extension of time to effectuate service, nor has she even attempted to show good cause for her failure to properly effectuate service within the required time period.

**Conclusion**

This Court gave Plaintiff notice of the legal requirements for service in May. More than 120 days have expired since Plaintiff filed this case, yet Plaintiff has not complied with FED. R. CIV. P. 4 or Local Civil Rule 4.1 by effectuating service on Defendants. Accordingly, Plaintiff's claims against Defendants are subject to dismissal under Rule 4(m).

## RECOMMENDATION

The Court recommends that the District Court *sua sponte* dismiss without prejudice Plaintiff's claims against Defendants for Plaintiffs' failure to legally effectuate service on Defendants within 120 days of filing the Complaint.

**SO RECOMMENDED**, September 5, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).